Matter of Waters (2020 NY Slip Op 04748)





Matter of Waters


2020 NY Slip Op 04748


Decided on August 26, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ANGELA G. IANNACCI, JJ.


2020-00408

[*1]In the Matter of Edward J. Waters, admitted as Edward James Waters, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Edward J. Waters, respondent. (Attorney Registration No. 3817996)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 22, 1973, under the name Edward James Waters.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
.On January 28, 2020, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts personally served the respondent with a notice of petition dated January 10, 2020, and a verified petition dated January 8, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains one charge alleging that the respondent failed to cooperate with 12 investigations into allegations of his professional misconduct. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition.
The Grievance Committee now moves to deem the charge against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served upon the respondent on March 6, 2020, and proof of service was filed with the Court. To date, the respondent has failed to submit papers in response to the default motion or to file an answer to the verified petition.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has failed to submit papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charge against the respondent established based upon his default is granted, the charge in the verified petition is deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, among other things, to immediately suspend the respondent from the practice of law is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON, and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charge against the respondent, Edward J. Waters, admitted as Edward James Waters, established based upon his default is granted; and it is further,
ORDERED that the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Edward J. Waters, admitted as Edward James Waters, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward J. Waters, admitted as Edward James Waters, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Edward J. Waters, admitted as Edward James Waters, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Edward J. Waters, admitted as Edward James Waters, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edward J. Waters, admitted as Edward James Waters, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court